IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Board of Trustees, Sheet Metal Workers' National Pension Fund, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:09cv1255 (LMB/TRJ) |
| Shoreway Refrigeration & Heat, Inc., | ) ) ) | |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

This case is before the court on plaintiff's motion for default judgment (Docket no.23) against defendant Shoreway Refrigeration & Heat, Inc. Process for defendant was served by private process server on Ms. Alison Walter, who is authorized to receive service for defendant, on November 30, 2009. By order dated February 19, 2010, the court required defendant to file an answer to the complaint within 14 days of the order. Defendant has not filed an answer. The Clerk entered default on March 16, 2010.

**<u>Jurisdiction and Venue</u>**

This court has subject matter jurisdiction over this action under Sections 502 and 4301of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132(e), 1132(f), 1451(c), and 28 U.S.C. § 1331). Venue is proper in this court under 29 U.S.C. §§ 1132(e)(2) and 1451(d) (ERISA §§ 502(e) and 4301(d)). The complaint alleges facts upon which the court has personal jurisdiction over defendants under Va. Code § 8.01-328.1(A)(4).

## Fact Summary

The following facts are established by the complaint and by plaintiffs' motion and affidavits in support of default judgment.

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund, is composed of individual trustees who are "fiduciaries" with respect to the Sheet Metal Workers' National Pension Fund (the "Fund"), a multi-employer employee benefit plan, as defined in 29 U.S.C. §§ 1002(3) and (37) (ERISA §§ 4001(a)(3) and 3(37)), and are collectively the "plan sponsor" within the meaning of 29 U.S.C. § 1301(a)(10)(A) (ERISA § 4001(a)(10)(A)). Plaintiff brings this action under 29 U.S.C. §§ 1132(a), 1401(b) and 1451(a) (ERISA §§ 502 and 4221(b)).

Defendant was an employer within the meaning of 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), and employed individuals who are represented by Sheet Metal Workers' International Association Local Union No. 27 ("Local Union No. 27") in collective bargaining agreements (the "Agreements") with defendant. Defendant was engaged in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(11), (12).

Pursuant to the Agreements, defendant must honor the terms and conditions of the Agreements and the trust agreement establishing the Fund. To that end, defendant must submit monthly remittance reports detailing hours worked and paid, and is further required to make contributions for all of its covered employees employed within any jurisdiction of the Sheet Metal Workers' International Association. The Fund determined that on or about July 1, 2004, defendant permanently ceased to have an obligation to contribute to the Fund, thereby withdrawing from the Fund in a statutory "complete withdrawal" as defined under 29 U.S.C. § 1383 (ERISA § 4203). As a result of the complete withdrawal, the Fund determined that

defendant incurred withdrawal liability to the Fund in the amount of $15,336.03 as determined under 29 U.S.C. § 1381(b) (ERISA § 4201).

On or about March 9, 2007, defendant received a Notice and Demand for payment of withdrawal liability issued by the Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1) (ERISA §§ 4202(2) and 4219(b)(1)). This Notice and Demand for payment informed defendant that the withdrawal liability was $15,336.03 payable within 20 days. Defendant failed to make a payment on or before that date.

29 U.S.C. § 1451(b) (ERISA § 4301(b)) states that an employer's failure to make a withdrawal liability payment within the time period prescribed by law "shall be treated in the same manner as a delinquent contribution" within the meaning of 29 U.S.C. § 1145 (ERISA § 515). 29 U.S.C. § 1132 (ERISA § 502) specifies the remedies available in lawsuits brought to enforce certain of ERISA's provisions, including the cause of action provided for delinquent remission of contributions in 29 U.S.C. § 1145.

Pursuant to the Agreements and under 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)), plaintiff is entitled to recover from defendant: (1) $15,336.03 in withdrawal liability; (2) interest on the entire amount of withdrawal liability, calculated from the date of default, through the date of judgment at the plan rate of 0.0233% per day, compounded daily; and (3) liquidated damages in an amount equal to the greater of the interest on the delinquent withdrawal liability at the rate noted above or 20% of the withdrawal liability equal to $3,067.20.

### Attorneys' Fees and Costs

The Agreements, the trust agreement establishing the Fund, and 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)) provide that an employer may be required to pay all attorneys' fees and costs incurred. Plaintiff's counsel avers under oath that the following is an accurate

representation of the attorneys' fees and costs incurred in this proceeding.

| Attorneys' Fees | | | |
|---|---|---|---|
| **Service** | **Rate** | **Time Used** | **Cost** |
| Counsel #1 | $260.00 | 5.8 | $1,508.00 |
| Counsel #2 | $225.00 | 49.6 | $11,160.00 |
| Counsel #3 | $240.00 | 2.0 | $480.00 |
| Counsel #4 | $240.00 | 1.8 | $432.00 |
| Legal Assistant #1 | $130.00 | 7.6 | $988.00 |
| Legal Assistant #2 | $130.00 | 0.2 | $26.00 |
| **Total** | | | **$14,594.00** |

| Costs | |
|---|---|
| Public Records Research | $91.00 |
| Courier | $121.80 |
| Filing Fees | $350.00 |
| Legal Research | $667.57 |
| Pacer Fees | $0.08 |
| Process Server | $234.00 |
| Travel Expenses | $6.00 |
| Postage, Delivery, and Photocopying | $10.00 |
| **Total** | **$1,706.47** |

Plaintiff's higher-than typical counsel fees in this case result from the need to litigate the motion to dismiss that defendant filed before it ultimately defaulted.

The magistrate judge has examined the record and finds that the amounts billed are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits

establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---:|
| Withdrawal Liability | $15,336.03 |
| Interest | $3,955.64 |
| Liquidated Damages | $3,955.64 |
| Attorneys' Fees | $14,594.00 |
| Costs | $1,706.47 |
| Total | $39,547.78 |

## Recommendation

The magistrate judge recommends that default judgment be entered against defendant in favor of plaintiff in the amount of $39,547.78.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant's address used for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within ten (10) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

September 14, 2010
Alexandria, Virginia